# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALYSHEA FORD, on behalf of herself and others similarly situated,**<br><br>**Plaintiff**<br><br>v.<br><br>**ACCOUNT CONTROL TECHNOLOGY, INC., a California Corporation;**<br>**ACT HOLDINGS, INC., a corporation;**<br>**DOES 1 through 50;**<br><br>**Defendants** | **CASE NO. 1:19-CV-203 AWI-JLT**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY ACTION AND COMPEL INDIVIDUAL ARBITRATION**<br><br>(ECF No. 6) |

Alyshea Ford has alleged multiple federal and state wage and hour violations, as a putative class representative, against her employer, Defendant Account Control Technology ("ACT"). *See* ECF No. 2-1. After removing the case from California state court, Defendants moved to compel arbitration pursuant to the parties' arbitration agreement (the "Agreement"). ECF No. 6.

Ford does not dispute that she must arbitrate her claims; instead, she contends the Court should allow the arbitrator to decide whether her case should be resolved on a class-wide basis. ECF No. 11. Ford argues the Agreement is ambiguous on the issue of class arbitration, and California law requires ambiguities to be interpreted against the drafter (here, ACT). *See Id.* (relying on *Varela v. Lamps Plus*, 701 Fed. Appx. 670 (9th Cir. 2017)). ACT counters that the Agreement does not explicitly authorize class arbitration, and otherwise evinces no intent to submit to class arbitration, so Ford's claims must be arbitrated on an individual basis. ECF No. 12 (relying on *Stolt-Nielsen S. A. v. Animal Feeds Int'l Corp.*, 559 U. S. 662 (2010)).

During the pendency of this motion, the Supreme Court held that ambiguous language in an arbitration agreement regarding class arbitration cannot be the basis for determining that the

parties agreed to class arbitration—reversing the Ninth Circuit's *Varela* decision. *See Lamps Plus v. Varela*, No. 17-988, 2019 WL 1780275 (U.S. Apr. 24, 2019).

In *Varela*, plaintiff-employee filed a putative class action against his employer for violations of federal and state law. 2019 WL 1780275 at *2. The employer moved to compel arbitration on an individual rather than class-wide basis, but the district court summarily ordered class-arbitration. *Id*. The employer appealed, but the Ninth Circuit affirmed, reasoning that the parties' arbitration agreement was ambiguous on the issue of class-arbitration. *Id*. at *3. The parties' agreement did not in fact explicitly discuss class-arbitration, but some language could be construed as to indicate the parties contemplated class-arbitration. *Id*. Applying California law to construe ambiguities against the drafter (there, the employer), the Ninth Circuit adopted the employee's interpretation of the agreement—favoring class-arbitration—and affirmed. *Id*.

Thereafter, the Supreme Court granted *cert* on the issue of whether an ambiguous agreement could provide a basis for class-arbitration. 138 S.Ct. 1697. On April 24, 2019, the Court reversed, holding that the Federal Arbitration Agreement (9 U.S.C. §2) precludes the Ninth Circuit's rationale. 2019 WL 1780275 at *3. The Court reiterated that when an agreement is "silent" on the availability of class arbitration, a court may not compel class-arbitration because it "fundamentally changes the nature of the 'traditional individualized arbitration' envisioned by the FAA." *Id*. at *2 (quoting *Stolt-Nielsen*, 559 U. S. at 684 ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.")). Further, California state law regarding ambiguities cannot stand as "an obstacle to the accomplishment and execution of the full purposes and objectives" of the FAA, and so the Ninth Circuit's reliance on California law regarding contractual ambiguities was in error. *Id*. at *5 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U. S. 333, 352 (2011)). Thus, the Supreme Court held that *Stolt-Nielsen* governed the district court's construction of the agreement, reversed, and remanded for resolution (likely in favor of individualized arbitration). *Id*. at *8.

Here, Ford does not argue her Agreement with ACT explicitly authorizes class-arbitration, but instead maintains that ambiguities in the agreement on this issue must be construed in favor of ordering class-arbitration. ECF No. 11 at pp. 4-5. Ford relies heavily on *Varela* (and similar cases

2

relied upon by the Ninth Circuit therein) in support of her contentions, which, as described above, the Supreme Court has just foreclosed. 2019 WL 1780275. Thus, the Court turns to the relevant language of the Parties' Agreement to determine the intent of the parties:

> Employer and Employee hereby agree to arbitrate any and all claims covered by this Agreement and that such arbitration shall be the sole and exclusive remedy for resolving any" and all such claims or disputes.
> [C]laims and disputes covered by this Agreement include any and all claims by Employee against Employer and all claims that Employer may have against Employee, including, without limitation, those arising under . . . Any federal, state or local laws, regulations or statutes governing wage and hours of the employee[.]

ECF No. 6-3 at p. 5. This language covers Ford's wage and hour claims, requiring the Court to compel the parties to arbitrate. 9 U.S.C. § 2. Further, under *Varela* and *Stolt-Nielsen,* this Agreement requires the Court compel individual arbitration. 2019 WL 1780275; 559 U. S. 662. Accordingly, the Court will "stay the trial of [this] action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3; *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 940 (9th Cir. 2009) ("If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed."); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (collecting cases and determining that a stay of proceedings is necessary after all claims have been referred to arbitration because "[t]he FAA's text, structure, and underlying policy command this result.").

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff must arbitrate, on an individual basis, the claims she asserts in this action against Defendants, pursuant to the terms of her arbitration agreement; and
2. This action is stayed pending completion of the arbitration proceedings.

IT IS SO ORDERED.

Dated:  May 2, 2019                         _____
                                            SENIOR DISTRICT JUDGE

3